UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL McGUIRE,

              Plaintiff,

    v.

NORTHBY MEDICAL CENTER, et al.,

            Defendants.

No.  2:17-cv-00838-MCE-DB

**MEMORANDUM AND ORDER**

      Through the present lawsuit, Plaintiff Michael McGuire ("Plaintiff") seeks damages as a result of a motor vehicle accident and the subsequent treatment he received, which apparently included the use of a surgical bracket.  Defendant DePuy Snythes Sales, Inc. ("Synthes") now moves to dismiss Plaintiff's claims on grounds that Plaintiff has failed to state any viable claim against Synthes and that Synthes is accordingly entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6).  As set forth below, Synthes' Motion is GRANTED.[1]

///

///

///

_____

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1

**BACKGROUND**

On September 28, 2015, Plaintiff filed his First Amended Complaint ("FAC") in state court which appears to allege both premises liability and negligence claims stemming from a September 25, 2013, motor vehicle accident purportedly caused by unsafe roadway conditions (First and Second Causes of Action), a products liability claim occasioned by the insertion of a surgical bracket the following day (Third Cause of Action), and general negligence/medical malpractice claims against the health care providers who treated Plaintiff in the wake of the accident. Initially the only named defendants were the health care providers, Northbay Medical Center and its affiliates.

On January 9, 2017, at a point when Plaintiff's lawsuit remained pending in state court, Plaintiff substituted Synthes as a Defendant in the place of Doe 1. Several other Defendants, including individual Defendants Wright and Zimmer, were also substituted for fictitious defendants. Thereafter, on March 23, 2017, Plaintiff dismissed Northbay, the only remaining California Defendant. This caused Synthes, a Massachusetts corporation with its principal place of business in Massachusetts, to remove the case to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. § 1332.

Thereafter, on June 21 and June 23, 2017, Plaintiff dismissed Wright and Zimmer as Defendants, leaving Synthes as the only remaining named Defendant in his lawsuit. In the meantime, on April 26, 2017, Defendant filed the Motion to Dismiss presently before the Court. Plaintiff alleges that the FAC on its face contains contradictory and confusing allegations against Synthes, as Doe 1, and fails to sufficiently apprise Synthes as to the nature of the claims asserted against it.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and

construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  <u>Twombly</u>, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  <u>Id.</u> (citing Wright & Miller, <u>supra</u>, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  <u>Id.</u>  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

*///*

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Since Plaintiff's FAC nowhere mentions Synthes, who was added in the place of Defendant Doe 1 well over a year after Plaintiff's lawsuit was initially instituted, the Court must instead examine those charging allegations levied against Doe 1. In the First Cause of Action, a premises liability claim against Doe 1 is charged as a result of a September 25, 2013, motor vehicle collision that occurred in Fairfield, California. In the Second Cause of Action, general negligence is asserted against Doe 1 for the same purportedly unsafe conditions that allegedly caused Plaintiff to go off the roadway. Then, in the Third and Fourth Causes of Action, the factual underpinnings of Plaintiff's claims change entirely. The Third Cause of Action, for products liability, alleges that on the day following the accident, Plaintiff was injured by the insertion of an undescribed

4

surgical bracket that was either manufactured, designed and/or sold by Doe 1.  Finally, the Fourth Cause of Action, for negligence in Plaintiff's post-accident treatment and for placement of a failed surgical bracket, is on its face asserted against Northbay and its affiliates.  Again, however, Doe 1 is named as an additional Defendant in this medical malpractice claim.

Given that Doe 1 is named as a Defendant to each of the factually distinct causes of action, Synthes not surprisingly claims it has no idea what claims are being asserted against it, and consequently that it has not been put on adequate notice of Plaintiff's claims so it can formulate an appropriate response.  The Court agrees.

First, the allegations against Doe 1 on their face appear mutually contradictory.  It defies logic that Doe 1 could both have 1) negligently maintained a roadway so as to have caused Plaintiff's accident; 2) designed and/or manufactured and/or sold a surgical bracket used the next day to have treated his injuries;  and 3) been involved in Plaintiff's post-accident treatment apart from any role in designing/manufacturing/selling the subject bracket.  Synthes, having been named as Doe 1, therefore had to challenge each of Plaintiff's causes of action through the present motion.  Additionally, since Synthes is the only remaining Defendant at a point well over three years since Plaintiff's lawsuit was initially filed, the viability of Plaintiff's action at this juncture appears to rest solely with his claims against Synthes.

Significantly, as Synthes points out, Plaintiff does little to challenge the propriety of the First, Second and Fourth Causes of Action to the extent they apply to Synthes.  In fact, Plaintiff expressly "concede[s] at the outset that the First Cause of Action for Premises Liability does not apply to SYNTHES, an alleged manufacturer and supplier of an implantable surgical device."  Pl.'s Opp, 3:10-11.  While Plaintiff ostensibly argues that the Second Cause of Action "legally applies" to Synthes (see id. at 3:14-16), he otherwise makes no showing to support that unsubstantiated contention other than to argue generally that a design defect claim may generally be brought under a negligence theory.  The problem with that position is that the Second Cause of action clearly applies

solely to the motor vehicle accident that underlies Plaintiff's premises liability claim, which he concedes is inapplicable to Synthes. Finally, Plaintiff makes no effort whatsoever to oppose Synthes' claim that the Fourth Cause of Action for medical malpractice against Plaintiff's health care providers has nothing to do with Synthes. Consequently, the Court finds that the First, Second and Fourth Causes of Action all fail as against Synthes.

That leaves the viability of Plaintiff's Third Cause of Action, for Products Liability. The FAC states only that an unidentified surgical bracket was used on September 26, 2013, and that Plaintiff was injured in some manner by the bracket. Plaintiff's pleading is silent as to the specific product used, the location of its implantation, the alleged manufacturing defect, and any basis for breach of warranty in connection with its alleged defect. There are also no facts showing how the product failed or how the defect was the specific cause of Plaintiff's claimed injury. Given that dearth of detail, the Third Cause of Action as currently constituted is wholly conclusory and amounts to little more than speculation. As the Supreme Court recognized in Twombly, in order to survive a pleading challenge factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555 (viable pleading must contain something more than facts creating a mere suspicion of a legally cognizable claim). Without more factual support, Plaintiff has provided neither "fair notice" of the nature of the claim nor the "grounds" on which his claim against Synthes rests. Id. Plaintiff's Third Cause of Action, as currently pled, thus fails to state a viable claim against Synthes.

**CONCLUSION**

Based on the foregoing, Defendant Synthes' Motion to Dismiss (ECF No. 7) is GRANTED in its entirety. No leave to amend will be permitted as to the First, Second or Fourth Causes of Action for the reasons set forth above. Plaintiff will, however, be permitted to amend his Third Cause of Action should he wish to do so. Any resulting

Second Amended Complaint must, however, be filed not later than twenty (20) days following the date this Memorandum and Order is electronically filed. Failure to file a further amended pleading within those parameters will result in dismissal of this action, with prejudice and without further notice to the parties.

IT IS SO ORDERED.

Dated: January 16, 2018

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE